**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4474**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ANTHONY D. MCCLELLAND, aka Ant,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00009-13)

Submitted:  February 20, 2008          Decided:  May 5, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James O. Rice, Jr., EVANS & RICE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony D. McClelland pled guilty to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2000). The district court sentenced McClelland as a career offender to a 262-month sentence, the bottom of the advisory sentencing guideline range. McClelland's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that McClelland's sentence violates the Sixth Amendment, that the district court erred by sentencing McClelland as a career offender, and that counsel provided ineffective assistance at sentencing. Appellate counsel states, however, that, in his view, there are no meritorious issues for appeal. McClelland was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel asserts that the district court violated McClelland's Sixth Amendment rights at sentencing by relying on facts not admitted by McClelland or found by a jury and that the court erred by sentencing McClelland as a career offender based upon the statutory maximum sentence for crack cocaine. McClelland's reliance on United States v. Rhynes, 196 F.3d 207 (4th Cir. 1999), vacated in part on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc), is misplaced. Unlike Rhynes, McClelland pled

guilty to a conspiracy involving more than fifty grams of crack, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, each of which carries a statutory maximum sentence of life imprisonment, and stipulated to the drug amounts in the presentence report. See 21 U.S.C. § 841(b)(1)(A). Thus, the district court did not err in using the statutory maximum sentence for crack cocaine in establishing McClelland's base offense level under the career offender guideline and did not violate his Sixth Amendment rights.

Finally, McClelland asserts that sentencing counsel provided ineffective assistance by failing to object to the type and amount of drugs referenced in the presentence report. This court, however, "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that McClelland has failed to meet this high standard and, therefore, decline to review this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED